OPINION
In this case, Dennis Cochran appeals from his sentence on three counts of illegal use of a minor in nudity-oriented material or performance, which are felonies of the fifth degree. Cochran was initially indicted on five counts of illegal use of a minor, and on two counts of allowing minors to review material or view any live performance harmful to juveniles. Subsequently, Cochran pled guilty to three "illegal use" charges and the remaining five charges were dismissed. After a pre-sentence investigation, the trial court sentenced Cochran to three nine-month terms of imprisonment, to be served concurrently.
Following the sentence, Cochran filed a timely appeal. During the pendency of the appeal, the State filed a motion to dismiss the appeal because Cochran was scheduled to be released from prison. Specifically, the State claimed the appeal was moot since Cochran had appealed only the sentence and not his conviction. In response, Cochran argued that the appeal was still viable because he was subject to post-release control and the possibility of an enhanced sentence for parole violations. We agreed with Cochran and overruled the motion to dismiss. The State then filed its brief, and this matter was scheduled for oral argument.
Upon further review of the case, we discovered that the sentencing entry provides only that Cochran "will or may" be subject to post-release control. However, the State has confirmed to the court that Cochran is, in fact, on post-release control. Accordingly, we still agree with our prior finding that the appeal is not moot, and we will consider the merits of the appeal. In this regard, Cochran presents the following assignments of error:
I. The trial court erred to the prejudice of Appellant by [sic] if failure to state its reasons justifying its imposition of incarceration rather than community control sanctions for a fifth degree felony as is required by R.C. 2929.19(B)(2)(a).
II. The trial court erred to the prejudice of Appellant by not imposing the minimum sentence of incarceration as required by R.C.2929.14(B), assuming arguendo incarceration is determined to be an appropriate sanction.
III. The trial court erred to the prejudice of the Defendant by imposing a sentence of incarceration on a fifth degree felony when such sentence fails to comply with statutory guidelines as set forth in R.C.2929.11 et. seq.
After considering the assignments of error, we find they have merit. Consequently, the Defendant's sentence will be vacated, and this case will be remanded for re-sentencing.
 II
The first and third assignments of error deal with related issues and will be addressed together. In the first assignment of error, Cochran contends that the trial court erred by failing to state its reasons for imposing incarceration instead of a community control sanction. Likewise, the third assignment of error focuses on the court's failure to identify reasons that would overcome the statutory presumption of community control for fifth degree felonies.
Initially, Cochran argues that the trial court's sentencing opinion is defective because the court made no specific findings about any of the factors in R.C. 2929.13(B). The State responds that where neither imprisonment nor a community control sanction is required, R.C. 2929.13(B) merely provides general guidance on sentencing.
In this regard, R.C. 2929.13(B)(1) states that:
 Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 (a) In committing the offense, the offender caused physical harm to a person.
 (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 (d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 (e) The offender committed the offense for hire or as part of an organized criminal activity.
 (f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321, 2907.322, 2907.323, or 2907.34 of the Revised Code.
(g) The offender previously served a prison term.
 (h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 (i) The offender committed the offense while in possession of a firearm.
R.C. 2929.13(B)(2) goes on to provide that:
 (a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.
 (b) Except as provided in division (E), (F), or (G) of this section, if the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11
of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender.
The statute thus provides for mandatory imprisonment or mandatory community control only in specific situations. One situation occurs where the trial court makes a finding under (B)(1)(a)-(i). In that case, the court must impose a prison term if it finds that the factors in (B)(2)(a) weigh in favor of a prison term. Another situation occurs where the court does not make a finding under B(1)(a)-(i). In that event, the court must impose community control if it finds that the factors in (B)(2)(b) weigh in favor of community control.
The present case does not fit within either scenario. Although the trial court could have found a basis for a mandatory prison term under R.C. 2929.13(B)(1)(f), the court did not make a specific finding on this point. However, this does not mean that community control was mandatory. Specifically, the court's failure to make a finding under R.C. 2929.13(B)(1) triggered the application of R.C. 2929.13(B)(2)(b). Under that section, however, community control was not required because the trial court did not also find community control consistent with the sentencing principles set out in R.C. 2929.11. Therefore, the court had discretion to impose a prison term if it chose to do so. See State v. Agbesua (Jan. 5, 2001), Greene App. No. 2000 CA 23, unreported (indicating that R.C. 2929.13
"does not give a rise to a presumption against imposing a prison sentence for a fifth or fourth degree felony even if none of the eight factors listed in R.C. 2929.13(B)(1) are met. * * * R.C. 2929.13(B) only offers `general guidance and a "disposition against imprisonment" for fourth and fifth degree felonies.' ") Id. at p. 2 (citation omitted). See also, State v. Arroyo (Sept. 28, 2000), Cuyahoga App. No. 77672, unreported, p. 2 (holding that R.C. 2929.13(B)(1) and (2) leave " `an in-between area where neither prison nor community control sanctions are mandated' "), and State v. Carr (Jan. 31, 2000), Butler App. No. CA99-02-034, unreported (failure to find enumerated factor in R.C. 2929.13(B)(1) does not preclude court from imposing imprisonment for fourth or fifth degree felony). Accordingly, while the trial court in the present case did not make a specific finding under R.C. 2929.13(B)(1), the court was not precluded from imposing a prison term.
Cochran next argues that the trial court findings were not sufficient under R.C. 2929.19(B)(2). This statute says, in pertinent part, that:
 [t]he court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 (a) * * * if it imposes a prison term for a felony of the fourth or fifth degree or for a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in divisions (B)(1)(a) to (i) of section 2929.13 of the Revised Code that it found to apply relative to the offender.
As we mentioned, the trial court did not comment on the factors listed in R.C. 2929.13(B)(1)(a)-(i). Instead, the court said only that it had reviewed the pre-sentence investigation, the report from forensic psychiatry, defense counsel's sentencing memorandum, the probation report, and all matters required by law before passing judgment. Defense counsel then commented that his client was a reasonable risk for probation given the psychological evaluation and recommendation. In response, the court simply said:
 considering the purposes and principles of sentencing, the seriousness and recidivism factors, reviewing the Defendant's past record, the complete report of forensic psychiatry situation, which while may be specifically directing itself to the very point that you have raised, leaves the Court with the understanding and feeling that while the Defendant may be amenable to some of these treatments, the Court is now faced with the situation, this is the second time it's happened. And I believe in looking at that and looking at all other matters and the fact that other matters were not dealt with as part of this particular situation nor will [sic] he ever be, they're done, finished, they're over. Is beyond what would be necessary to comply with overriding the question of sentencing, and therefore, it is the judgment and sentence of the Court * * * that the Defendant be confined to the Ohio Department of Rehabilitation for a period of 9 months, and on each of the counts, said sentences to run concurrent with the other, no fine imposed.
According to the State, the trial court's reference to "this is the second time it's happened" sufficiently explained the reasons for imposing a prison term. We disagree. In State v. Edmonson (1999),86 Ohio St.3d 324, the Ohio Supreme Court stressed that in some sentencing statutes, such as R.C. 2929.19(B)(2), the General Assembly has explicitly demanded that courts give reasons. Id. at 326.
The particular reason given in this case relates only to the potential for recidivism, not to the applicable imprisonment factors in R.C.2929.13(B)(1)(a)-(i). As the Twelfth District noted in Carr, R.C.2929.19(B)(2) requires courts to consider both the overriding principles of felony sentencing under R.C. 2929.11 and the imprisonment factors in R.C. 2929.13(B)(1)(a)-(i). Id. at p. 4. In Carr, the judgment entry revealed that the trial court did not consider an applicable imprisonment factor under R.C. 2929.13(B)(1), or, at the least, that a discrepancy existed between the judgment entry and the court's comments at the sentencing hearing.
Consequently, the Twelfth District vacated the sentence and remanded for re-sentencing. See also, State v. Abbington (Aug. 8, 2000), Franklin App. No. 99AP-1337, unreported [vacating sentence and remanding because trial court failed to provide required explanations of its findings under R.C. 2929.19(B)(2)].
Because the trial court's comments at the sentencing hearing in this case did not sufficiently comply with statutory requirements, the first and third assignments of error have merit. Accordingly, the sentence in this case must be vacated, and the case will be remanded for re-sentencing. We do note that the pre-sentence investigation indicates that imprisonment was not inappropriate. And, as we mentioned earlier, the practical result of the Defendant having served his term of imprisonment is that only post-release control and potential parole violations may be affected by re-sentencing. Nonetheless, remand is still required.
 II
In the second assignment of error, Cochran alleges that even if a prison sentence were proper, the trial court erred in failing to state its reasons for imposing more than the minimum sentence for a fifth degree felony, i.e., the court imposed nine months on each charge instead of the six month minimum sentence for fifth degree felonies. Unfortunately, the trial court did not explain why it chose to impose more than the minimum sentence.
As an initial point, we note that both sides agree that the second assignment of error should be sustained. Both sides point out that since Cochran had not previously served a prison term, the trial court was required, under State v. Edmonson (1999), 86 Ohio St.3d 324, to indicate on the record that the shortest prison term either would demean the seriousness of Cochran's conduct or would not adequately protect the public. Based on Edmondson, we agree that the trial court erred in failing to make these findings on the record.
As we said, Cochran has already served his prison term. In view of the possible impact on post-release control violations, the proper remedy is to sustain the assignment of error and remand the case for re-sentencing. On remand, the trial court should redetermine the appropriate sentences for the conviction and state the reasons for its findings on the record. See, e.g., State v. Miller (Jan. 26, 2001), Montgomery App. No. 18102, unreported, p. 3.
Based on the preceding discussion, all three assignments of error are sustained. Accordingly, the Defendant's sentence is vacated and this case is remanded to the trial court for re-sentencing.
 __________ BROGAN, J.
WOLFF, P.J., and FAIN, J., concur.